UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID W. ROBINSON,

                        Plaintiff,

                                                  DECISION AND ORDER

                                                  07-CV-6431L

                        v.

ALLSTATE,
STATE OF NEW YORK DEPARTMENT OF
   INSURANCE, FRAUD BUREAU,
CHARLES BARDONG, DIRECTOR, In His Individual
   and Official Capacity,
COUNTY OF YATES,
   SHERIFF RONALD G. SPIKE,
MICHAEL C. CHRISTENSEN, Senior Investigator
   County of Yates Sheriff's Department, In His
   Individual and Official Capacity,
VILLAGE OF PENN-YAN, and
   CHIEF OF POLICE GENE MITCHELL, In His
   Individual and Official Capacities,

                        Defendants.
_____

There are two motions pending before the Court: plaintiff's motion for default judgment against Allstate Insurance Company ("Allstate") (Dkt. #28), and Allstate's motion to vacate the Clerk's entry of default (Dkt. #31).

The Clerk's entry of default was entered June 6, 2008 and four days later, on June 10, 2008, the plaintiff moved for default judgment. Thereafter, within a day, counsel entered an appearance

on behalf of Allstate and two days later, on June 13, 2008, within a week of the entry of default, Allstate moved to vacate that entry of judgment.

Plaintiff's motion for default judgment is denied and defendant Allstate's motion to vacate the Clerk's entry of default is granted.  It is well established that the Second Circuit prefers that cases be resolved on the merits rather than by default.  *See Powerserve Int'l Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir.2001); *Pecarsky v. Galaxiworld. com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001); *American Alliance Insurance Co. v. Eagle Insurance Co.*, 92 F.3d 57, 59 (2d Cir.1996); *Meehan v. Snow*, 652 F.2d 274, 276-77 (2d Cir.1981).

I have carefully reviewed the declaration of Howard S. Rosenhoch, counsel for Allstate, and it is evident that Allstate did not willfully fail to appear and never intended to let the case proceed by default.  In fact, as attorney Rosenhoch sets forth, there has been a lengthy litigation history between plaintiff and Allstate which has been resolved, to plaintiff's detriment, in state court.  The present federal action relates in may respects to that state court action.  In light of this, it is clear that Allstate never intended to allow this case to proceed by default but intends to vigorously defend it and claims that it has defenses to the action.

I find no prejudice to plaintiff.  The federal action is in its early stages and Allstate appeared within a matter of days after entry of default by the Clerk.  In spite of that prompt appearance, plaintiff and/or his attorney refused Allstate's counsel's request to voluntarily vacate the entry of default and proceed with the litigation.

CONCLUSION

Plaintiff's motion for default judgment against Allstate Insurance Company (Dkt. #28) is in all respects denied. The motion of Allstate Insurance Company (Dkt. #31) to vacate entry of default is granted, and the Clerk is directed to promptly vacate the entry of default made on June 6, 2008. The parties are directed to contact Magistrate Judge Marian W. Payson and proceed with the previously scheduled Rule 16 Conference.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 30, 2008.