UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID W. ROBINSON,

                              Plaintiff,

                                                                     DECISION AND ORDER

                                                                        07-CV-6431L

                   v.

ALLSTATE,
STATE OF NEW YORK DEPARTMENT OF
INSURANCE, FRAUD BUREAU,
CHARLES BARDONG, Director, in his
Individual and Official Capacity, et al.,

                                Defendants.
_____

**INTRODUCTION**

      Plaintiff David W. Robinson ("Robinson") brings this action against the New York State Insurance Department, its Fraud Bureau (collectively the "Department"), Fraud Bureau Director Charles Bardong ("Bardong"), the County of Yates, Yates County Sheriff Ronald G. Spike, Senior Investigator Michael C. Christensen, the Village of Penn Yan (the "Village"), Penn Yan Police Chief Gene Mitchell, and Allstate Insurance Company. Robinson alleges that the defendants acted, both separately and in concert, to violate his constitutional rights with respect to an insurance claim.

      Defendants, the Department and Bardong, now move to dismiss Robinson's claims against them, as well as codefendant the Village's cross claim against them, pursuant to Fed. R.

Civ. Proc. 12(b)(1) and 12(b)(6). The moving defendants contend that these claims are barred by sovereign immunity, are insufficiently stated, and/or untimely. For the reasons set forth below, the Department and Bardong's motion to dismiss (Dkt. #8) is granted.

## FACTS

Plaintiff's allegations are lengthy and complicated, and will not be fully set forth here. As relevant to the instant motion, the gravamen of plaintiff's claims is that after a barn housing plaintiff's valuable motorcycle collection was destroyed by fire, the moving defendants acted in concert with the local government, sheriff's department and plaintiff's insurance company to violate plaintiff's constitutional rights by using improper and even criminal investigative tactics, and ultimately effecting the denial of insurance coverage on the loss.

## DISCUSSION

### I.      Standard on Motions to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6)

In considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Proc. 12(b)(1), the Court may consider the pleadings, as well as other evidence, such as affidavits, to determine any disputed jurisdictional issues of fact. *See Antares Aircraft v. Federal Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991), *vacated on other grounds*, 505 U.S. 1215 (1992).

In deciding a motion to dismiss for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6), the court's review is limited to the complaint, as well as those documents attached to

the complaint or incorporated therein by reference.  *See Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996).   While the Court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant," *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), "bald assertions and conclusions of law will not suffice" to defeat a motion to dismiss.  *See Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 126 (2d Cir. 2007).  "[A] plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, ____ U.S. ____, 127 S. Ct. 1955 at 1964-1965 (2007) (citations omitted).  *See also Ashcroft v. Dept. of Corrections*, 2007 U.S. Dist. LEXIS 49079 (W.D.N.Y. 2007) (discussing and applying the *Twombly* standard).  Thus, where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."  *Twombly*, 127 S. Ct. at 1974.

    **II.**    **Plaintiff's Claims**

Plaintiff alleges two causes of action against the moving defendants.  Plaintiff's first cause of action, pursuant to 42 U.S.C. §1985 and the Fourteenth Amendment, alleges that the defendants conspired to violate plaintiff's right to equal protection by arbitrarily and maliciously singling him out for investigation and prosecution, in order to deny him the insurance proceeds to which he was entitled.  Plaintiff's third cause of action and the Village's cross claim collectively allege that the moving defendants maintained a custom and policy of investigating suspected criminal activity in a manner that violated plaintiff's constitutional rights pursuant to 42 U.S.C.

§1983, and/or negligently failed to be aware that a Fraud Bureau investigator, William King, was committing crimes against plaintiff and his relatives.

These claims are subject to dismissal on multiple grounds.

With respect to the sufficiency of plaintiff's complaint, the Second Circuit has cautioned that, "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr v. Abrams*, 810 F.2d 358, 363 92d Cir. 1987).

Where, as here, a plaintiff asserts that defendants have conspired to violate his constitutional rights under 42 U.S.C. §1985, the "[p]laintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (internal quotations omitted). Vague or conclusory allegations of a conspiracy are insufficient. *Id*. *See also Rodenhouse v. Palmyra-Macedon Sch. Dist.*, 2008 U.S. Dist. LEXIS 43363 at *15 (W.D.N.Y. 2008); *Duryea v. County of Livingston*, 2007 U.S. Dist. LEXIS 30908 at *16 (W.D.N.Y. 2007).

Here, plaintiff's first cause of action does not allege any acts by the Department, the Fraud Bureau or Bardong which would support the alleged meeting of the minds" between them and/or the other defendants. Plaintiff's allegations of a conspiracy between the defendants are wholly conclusory.

Furthermore, to the extent that plaintiff's claims arise prior to August 31, 2004, they are subject to New York's three-year statute of limitations for personal injury, and therefore untimely. *See Okure v. Owens*, 816 F.2d 45, 46 (2d Cir. 1987) (the "proper limitation to apply to all section 1983 claims in New York is three years, based on the state's general personal injury statute"), *aff'd*, 488 U.S. 235 (1989). *See also Muwwakkil v. Hoke*, 1996 U.S. App. LEXIS 37677 at *6 (2d Cir. 1996). All of plaintiff' claims of personal involvement by a Department employee, William King, arose more than three years prior to the August 31, 2007 filing of this case, and must be dismissed. Furthermore, no party alleges any specific actions or personal involvement in a constitutional violation by Bardong within the three-year limitations period.

Finally, even if plaintiff's claims and the Village of Penn Yan's cross claim were sufficiently and timely stated, they are barred by the Eleventh Amendment, which operates as an absolute bar to suits by private citizens against a state agency for compensatory or equitable damages. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As such, state officials, such as the moving defendants, cannot be sued in their official capacities for retrospective relief under § 1983. *See id.* There is also no basis for the Village of Penn Yan's claim for contribution. *See Hayden v. Hevesi*, 2007 U.S. Dist. LEXIS 10336 at *11 (W.D.N.Y. 2007) ("there is no statutory basis found in § 1983 for a right of contribution and the Court will not construe one").

With respect to plaintiff's state law claims against the moving defendants, I observe that a district court may decline to exercise supplemental jurisdiction over a claim where all claims

over which it had original jurisdiction have been dismissed.  28 U.S.C. §1367(c).  As the Second Circuit has observed, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003).  The relevant factors include judicial economy, convenience, fairness and comity.  *Id*.  Having dismissed all of the pending federal claims against the Department, its Fraud Bureau, and Director Bardong, the Court therefore declines to exercise supplemental jurisdiction over plaintiff's state law claims against those defendants.

## CONCLUSION

For the foregoing reasons, I find that plaintiff's claims against the Department of Insurance, the Fraud Bureau of the New York State Department of Insurance, and Director Charles Bardong are untimely and/or barred by the defendants' Eleventh Amendment immunity, and furthermore that plaintiff has failed to state a claim against those defendants upon which relief can be granted.  Accordingly, the moving defendants' motion to dismiss the claims asserted against them by plaintiff, and the cross claim asserted against them by codefendant the Village of Penn Yan, (Dkt. #8) is granted, and those claims and cross claim are dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 6, 2008.