UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID W. ROBINSON,

                                  Plaintiff,

                                                                             DECISION AND ORDER

                                                                             07-CV-6431L

                                v.

ALLSTATE, et al.,

                                  Defendants.
_____

      Plaintiff David Robinson brings this action under 42 U.S.C. § 1983 against Allstate Insurance Company ("Allstate") and several other defendants. Plaintiff alleges that Allstate, acting in concert with a number of state actors, violated his constitutional rights in connection with an insurance claim that plaintiff filed on a policy issued by Allstate.

      Allstate has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has cross-moved for a continuance under Rule 56(f).

**BACKGROUND**

      In 1984, plaintiff purchased a homeowner's insurance policy from Allstate for his property located at 1025 Reed Road in Scottsville, New York. At about that same time, plaintiff began

erecting a building ("barn") on his property, to function as what he describes as a "barn/museum" that would house plaintiff's collection of about 200 motorcycles, as well as various other items.

Plaintiff's homeowners policy valued the barn at ten percent of the $186,000 value of his residence, *i.e.*, $18,600, though plaintiff estimated the value of the contents of the barn/museum at around $650,000. Concerned that he was underinsured, plaintiff purchased a "custom deluxe" policy from Allstate in November 1991. According to plaintiff, when he purchased that policy, Allstate's agent represented to him that this policy would enable plaintiff to insure the barn for the full value of the structure and its contents. Plaintiff also alleges that the agent "told Plaintiff that it did not matter what or whose items were located in the barn/museum, so long as he was not running a business there." Complaint ¶ 31.

On December 28, 1999, a fire broke out at the barn. Plaintiff alleges that the fire started when gasoline leaked out from the fuel tank of one of his motorcycles and came into contact with a furnace inside the barn. The barn and its contents were completely destroyed. Plaintiff estimates the amount of his loss at over $800,000. Complaint ¶ 37.

Plaintiff reported the fire to Allstate that same day. This triggered a series of events revolving around plaintiff's attempts to obtain coverage for the loss, which ultimately were to give rise to this lawsuit. Plaintiff alleges that Allstate's insurance adjuster, William Marsaw, acting on behalf of Allstate, initiated a conspiracy that would eventually grow to include: the New York State Insurance Department; the Village of Penn Yan, New York; the Penn Yan Police Department; Yates County, New York; and the Yates County Sheriff's Department.

Plaintiff's allegations concerning that conspiracy will not be repeated at length here, but at the heart of plaintiff's claims is his allegation that Allstate wrongly denied him coverage based on Allstate's allegedly false assertion that plaintiff had been operating a business out of the barn. The policy contained an express exclusion for "[s]tructures used in whole or in part for business purposes," Def. Ex. A (Dkt. #48-2) at 18, as well as a cap of $2000 on recovery for personal "[p]roperty used or intended to be used in a business ... ." *Id.* at 22.[1] Plaintiff alleges that Allstate engaged in fraud and other acts of wrongdoing, in concert with the state actors mentioned above, in order to deny him coverage for his loss under that exclusion.

On December 20, 2001, plaintiff commenced an action against Allstate in New York State Supreme Court, Monroe County, alleging claims for breach of contract and other theories under state law, seeking recovery under his Allstate policy in the amount of $344,100. Def. Ex. B (Dkt. #48-3).[2] In his state court complaint, which was brought on behalf of himself and his wife, plaintiff alleged that Allstate engaged in various wrongful acts, many of which are similar or identical to those that he alleges in the case at bar.

On February 14, 2006, Supreme Court Justice Kenneth R. Fisher issued a Decision and Order (Def. Ex. M), that granted Allstate's motion for partial summary judgment dismissing four of

---

[1] The policy also contained an exclusion for "[m]otorized land vehicles, including, but not limited to any land vehicle powered or assisted by a motor or engine." Dkt. #48-2 at 23.

[2] The complaint in the state court action alleged that plaintiff's property was insured in that amount. Dkt. #48-3 ¶ 8. That figure represents the sum of the limits of liability for plaintiff's dwelling ($186,000), "other structures" ($18,600), and personal property ($139,500), as reflected in his policy. *See* Dkt. #48-2 at 3.

plaintiff's six claims, and denied plaintiff's cross-motion for summary judgment on the issue of Allstate's liability under the policy. Dkt. #48-3.

Plaintiff's remaining two claims went to trial in November 2006. On November 30, the jury rendered a verdict, finding in a special verdict that plaintiff had "intentionally misrepresented the existence of a business at the barn at the time of the fire during an October 18, 2000, examination under oath," and that "the barn was used in whole or in part for business purposes at the time of the fire." Def. Ex. N (Dkt. #48-19) at 64. The jury determined plaintiff's covered loss under his Allstate policy to total $60,000. *Id.* at 65-67.

Pursuant to the jury verdict, judgment was entered in Allstate's favor on March 1, 2007. Dkt. #48-16 at 11-12. On appeal by plaintiff, the Appellate Division, Fourth Department affirmed. 52 A.D.2d 1234 (4th Dep't 2008).

While that appeal was pending, plaintiff commenced the instant action in this Court. The amended complaint asserts six causes of action: (1) a conspiracy claim under 42 U.S.C. § 1985(3) against Allstate, Yates County, Yates County Sheriff Ronald Spike, Yates County Sheriff's Department Investigator Michael Christensen, the Village of Penn Yan, and Penn Yan Police Chief Gene Mitchell, alleging that those defendants conspired to violate plaintiff's equal protection rights; (2) a claim under state law against Allstate for negligent infliction of emotional distress; (3) a claim against Yates County for failure to properly train or supervise its employees; (4) a claim against Sheriff Spike based on his alleged maintenance of a custom or policy that led to the alleged violation of plaintiff's constitutional rights, (5) a claim against Penn Yan for failure to properly train or supervise its employees; and (6) a claim against Police Chief Mitchell based on his alleged

maintenance of a custom or policy that led to the alleged violation of plaintiff's constitutional rights.[3]

The only claims against Allstate, then, and the only claims directly before me on Allstate's motion for summary judgment, are plaintiff's first and second causes of action, *i.e.* the § 1985(3) conspiracy claim and the claim for negligent infliction of emotional distress.

## DISCUSSION

### I. Negligent Infliction of Emotional Distress

At oral argument on the parties' motions, counsel for plaintiff conceded that the claim for negligent infliction of emotional distress was subject to dismissal, and the Court directed that it be dismissed. Accordingly, plaintiff's second cause of action is dismissed.

### II. Conspiracy Claim under 42 U.S.C. § 1985(3)

### A. Res Judicata

Allstate contends that plaintiff's first cause of action against it, under § 1985(3), should be dismissed under the doctrine of res judicata. That doctrine "bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *EDP Med.*

---

[3] A seventh claim (denominated as the third cause of action in the complaint) against New York State and the Chief Director of the New York State Insurance Fraud Bureau was dismissed by this Court on November 6, 2008, partly on the ground that "[p]laintiff's allegations of a conspiracy between the defendants are wholly conclusory." 584 F.Supp.2d 617.

*Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (internal citations, alteration and quotation marks omitted).

The preclusive effect that a federal court sitting in New York should give to a judgment rendered in a New York state court is determined according to New York law. *Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 265 (2d Cir. 1997) (citing *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). *Accord Barnes v. Royal Health Care LLC*, No. 08-5239, 2009 WL 4893646, at *1 (2d Cir. Dec. 21, 2009). That principle is not of particular significance in the case at bar, however, as federal and New York principles of res judicata are essentially the same in all relevant respects, and would lead to the same result. *See Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997).

In the case at bar, all of the requirements for the application of res judicata have been met. First, it is clear that the state court rendered a final judgment on the merits, and the state court action involved the two moving parties in the case at bar.

Plaintiff argues that no final judgment had been rendered in the state court action at the time that the instant action was commenced, because his state court appeal was still pending when he filed his federal complaint. That argument is plainly meritless. "The established rule in federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal." *Azadpour v. Sun Microsystems, Inc.*, 285 Fed.Appx. 454, 454 (9th Cir. 2008) (citing *Tripati v. G.L. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988) (per curiam)); *accord Lloyd v. Card*, 283 Fed.Appx. 696, 700 (11th Cir. 2008); *Currie v. Group Ins. Commission*, 290 F.3d 1, 16 (1st Cir. 2002); *Manbeck v. Micka*, 640 F.Supp.2d 351, 363 (S.D.N.Y. 2009).

The state court was also a court of competent jurisdiction as to the claims that plaintiff raised in the state court action. In addition, although plaintiff did not raise a § 1985(3) claim in that action, the state court would have had jurisdiction over such a claim, had plaintiff chosen to do so. Both federal and New York State courts have held that state courts have concurrent jurisdiction over § 1985 claims. *See*, *e.g.*, *Rouse v. II-VI Inc.*, No. 06-cv-566, 2008 WL 2914796, at *9 n.5 (W.D.Pa. July 24, 2008); *United States v. Lee*, 159 F.Supp.2d 1241, 1246 (D.Haw. 2001); *Concourse Rehabilitation & Nursing Center, Inc. v. Novello*, 309 A.D.2d 573, 573 (1st Dep't 2003); *see also Williams v. Maddi*, 306 A.D.2d 852, 853 (4th Dep't 2003) (affirming dismissal of § 1985(3) claim on the merits).

What is really at issue in this case is whether this action, and plaintiff's state court action, involve the same cause of action. I conclude that they do.

For claim preclusion to apply, it is not always necessary for the precise cause of action at issue to have actually been raised in the prior action, or for the prior claims to have been based on the same statutes or legal theory as the claims in the second action. Instead, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Ljutica v. Holder*, 588 F.3d 119, 126 (2d Cir. 2009) (quoting *Saud v. Bank of New York*, 929 F.2d 916, 918 (2d Cir. 1991)). *See*, *e.g.*, *Lasker v. UBS Securities LLC*, No. 09-0479-cv, 2009 WL 4912177, at *2 (2d Cir. Dec. 21, 2009) ("The question is not whether new facts ultimately strengthened Lasker's tortious interference claim [which he sought to assert in the second action], but rather whether the claim 'reasonably could have been litigated' in the [prior]

action") (quoting *Heyliger v. State Univ. and Community Coll. Sys. of Tennessee*, 126 F.3d 849, 854 (6th Cir.1997)).

In making that assessment, the court focuses not on "whether the applicable procedural rules *permitted* assertion of the claim in the first proceeding; rather, the question is whether the claim was sufficiently related to the claims that were asserted in the first proceeding that it *should have been* asserted in that proceeding." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001). *See*, *e.g.*, *O & E Growers, Inc. v. Selective Ins. Co. of America*, No. 07-CV-160, 2008 WL 2003783, at *5 (W.D.N.Y. May 7, 2008).

The Second Circuit "ha[s] held that '[w]hether a claim that was not raised in the previous action could have been raised therein depends in part on whether the same transaction or connected series of transactions is at issue, and whether the same evidence is needed to support both claims.'" *Streit v. Amdocs, Inc.*, 307 Fed.Appx. 505, 509 (2d Cir. 2009) (quoting *Pike*, 266 F.3d at 91); *accord Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90 (2d Cir. 1997). Under this "transactional" approach, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Ferris v. Guevas*, 118 F.3d 122, 126 (2d Cir. 1997) (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981)); *accord Barnes v. Royal Health Care LLC*, No. 08-5239-CV, 2009 WL 4893646, at *1 (2d Cir. Dec. 21, 2009); *Giannone v. York Tape & Label, Inc.*, 548 F.3d 191, 194 (2d Cir. 2008); *In re Derek Josey*, 9 N.Y.3d 386, 389-90 (2007).

Applying these principles here, it is evident that plaintiff's claims in this action are barred by the final judgment in his state court action. The factual issues underlying plaintiff's § 1985

conspiracy claim were litigated and decided in that prior action, and that claim itself certainly could have been raised in the state court action. Plaintiff's failure in the state court proceeding to present the particular legal *theory* that he advances here is not dispositive. What matters is that his claims in the state court action, and his claims against Allstate in this Court, arise out of the same transactions or series of transactions.

In his state court action, plaintiff did not simply allege that Allstate wrongly denied his insurance claim; he alleged that Allstate engaged in wrongdoing of the same type as that alleged in the case at bar, based on many of the same alleged acts. Plaintiff alleged, for example, that Allstate's investigator "misrepresented the results of his investigation" and "modified tapes and transcripts concerning the investigation of the loss at issue in an attempt to prejudice Plaintiffs' rights to coverage." Dkt. #48-3 ¶¶ 18, 19. He further alleged that:

- "Allstate's representative called Plaintiffs in an effort to 'strong-arm' a settlement of the loss," *id.* ¶ 20;
- "Allstate's scheme ... was ... intended to coerce Plaintiffs to settle for an amount far less than that to which they were entitled under the terms of the policy at issue," *id.* ¶ 23;
- "Allstate engaged in a campaign of harassment against Plaintiffs," which included "Allstate's improper cancellation of Plaintiff's auto insurance policy, and false reporting to authorities that Plaintiffs were operating vehicles without insurance coverage," *id.* ¶ 24; and
- Allstate's conduct "constitutes a fraud evidencing a high degree of moral turpitude demonstrating such wanton dishonesty as to imply criminal indifference to Defendant's civil obligations," *id.* ¶ 27.

Given those allegations, it cannot be gainsaid that plaintiff's claims in the state court action arise out of the "same transactions or series of transactions" as his claims in the case at bar. Both here and in state court, plaintiff has alleged fraudulent, coercive, virtually criminal activity by Allstate to deny him coverage under his policy.

In response to Allstate's motion, plaintiff contends that res judicata does not bar him from asserting claims in this action based on conduct that occurred after the complaint was filed in the state court action on December 20, 2001. This contention, too, is without merit. The relevant date for purposes of res judicata is the date of the prior *judgment*, not the date on which the prior lawsuit was commenced. *See Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937-38 (5th Cir. 2000)); *Robinson v. Kaweah Delta Hosp.*, No. CV F 09-1403, 2010 WL 1006517, at *5 (E.D.Cal. Mar. 17, 2010); *Gonzalez v. City of New York*, 396 F.Supp.2d 411, 415 n.3 (S.D.N.Y. 2005).

In the end, all that plaintiff has done here, or attempted to do, is to take the same allegations that formed the nucleus of his state court complaint (which a state court jury rejected), add a few other allegations that he clearly could and should have raised in state court, and refashioned his claims in the form of a § 1985 conspiracy claim. Such an attempt to evade the effects of the jury's adverse findings in state court is precisely what res judicata is intended to prevent.

Nor does the fact that plaintiff has sued additional defendants, and alleged that Allstate acted in concert with those defendants, alter this result. Plaintiff cannot escape the effects of the prior adverse judgment simply by casting his net a bit wider. *See Dantzler v. Pope*, No. CIV.A. 08-3777, 2009 WL 959505, at *3 (E.D.La. Apr. 3, 2009) ("The fact that Dantzler re-characterized his claims to allege a conspiracy does not change the fact that his claims arose out of the same transaction or

occurrence that was the subject matter of his state court petition"); *Salman v. Jameson*, No. CV-N-94-518, 1994 WL 739901, at *1 (D.Nev. Oct. 7, 1994) (rejecting plaintiff's attempt to avoid the bar of res judicata by claiming that in the prior state action he had sued for theft of funds, while in federal court he alleged claims for conspiracy, fraud and extortion, and stating that the latter claims were simply "newly alleged legal theories based on the same factual predicate, the same course of conduct. Res judicata bars this action under those circumstances"); *Ginther v. Texas Commerce Bank, N.A.*, 111 F.R.D. 615, 617 (S.D.Tex. 1986) (plaintiff's "conspiracy theory is an attempt to ignore the fact that the issues raised in the present suit are barred by *res judicata*" by virtue of adverse judgment in prior action based on same alleged wrongdoing).

## B. The Merits of Plaintiff's § 1985 Claim

Even if plaintiff's § 1985 claim were not barred by res judicata, Allstate would be entitled to summary judgment for the simple reason that he has failed to make out a viable § 1985 claim. To establish a civil rights conspiracy claim under that statute, a plaintiff must show: (1) a conspiracy (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby the plaintiff was injured in his person or property or deprived of a right or privilege of a citizen. *See United Bhd. of Carpenters & Joiners of America, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983); *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007). "In addition, the conspiracy [under § 1985] must be motivated by some class-based animus." *Iqbal v. Hasty*, 490 F.3d 143, 176 (2d Cir. 2007) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971), *rev'd on other grounds sub*

*nom. Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009)); *accord Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008); *Cine SK8*, 507 F.3d at 791.

First, I am not convinced that plaintiff has adduced sufficient evidence to show *any* sort of conspiracy, which requires not simply joint or cooperative activity, but a "meeting of the minds" among the conspirators to accomplish some shared purpose. *See Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009); *Barstad v. Murray County*, 420 F.3d 880, 887 (8th Cir. 2005); *Green v. Benden*, 281 F.3d 661, 665-66 (7th Cir.), *cert. denied*, 537 U.S. 821 (2002). Here, viewing the evidence in the light most favorable to plaintiff, it appears that Allstate's goal was simply to deny him coverage under his policy, and that the other, governmental actors were pursuing their own, separate objectives. That the various defendants may have found it convenient or useful to act together at times does not mean that they had the same ends in mind. *See United States ex rel. Bane v. Breathe Easy Pulmonary Services, Inc.*, 597 F.Supp.2d 1280, 1290 (M.D.Fla. 2009) (finding no "proof of a shared conspiratorial objective," where plaintiff's own assertions "highlight[ed] the different objectives of the two" alleged coconspirators).

Even if a reasonable factfinder could conclude that some sort of conspiracy has been proven here, however, plaintiff's claim would fail, because he has not presented enough evidence to establish the particular elements of a *civil rights* conspiracy claim under § 1985(3). Such a claim requires more than simply a showing that the defendants acted jointly to achieve some end, and that they used unlawful means to do so. *See, e.g.*, *Scott*, 463 U.S. at 836 ("we find difficult the question whether § 1985(3) provided a remedy for every concerted effort by one political group to nullify the influence of or do other injury to a competing group by use of otherwise unlawful means"). Instead,

plaintiff must show that defendants were motivated by animus toward plaintiff based on his membership in some protected class. *See Thomas v. Roach*, 165 F.3d 137, 147 (2d Cir. 1999); *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1358 (2d Cir. 1989).

Section 1985(3), then, "does not 'apply to all tortious, conspiratorial interferences with the rights of others,' but rather, only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971)). The Supreme Court has "strictly construed this [class-based animus] requirement of Section 1985(3)." *Katz v. Klehammer*, 902 F.2d 204, 208 (2d Cir. 1990) (citing *Scott*, 463 U.S. at 837, and holding that plaintiff's § 1985(3) claim "was properly dismissed as frivolous," since the complaint was "completely devoid of any claim of class-based animus, whether economic, political, or otherwise").

Plaintiff has not attempted to show, or even allege, that defendants were motivated by any class-based animus, relying instead on a "class of one" theory. *See* Complaint ¶ 174. "Class of one" claims are a species of equal protection claims, in which the plaintiff must show that he was intentionally singled out "for arbitrary treatment without a rational basis." *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006); *see also Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (plaintiffs state an equal protection claim where they allege that they were intentionally treated differently from other similarly situated individuals without any rational basis).

"Merely because Plaintiff constitutes a class of one for purposes of the [Equal Protection Clause of the] Fourteenth Amendment does not entitle him to the safeguards codified in § 1985,"

however. *McCleester v. Department of Labor and Industry*, No. Civ. A. 3:06-120, 2007 WL 2071616, at *15 (W.D.Pa. July 16, 2007). As the court in *McCleester* explained,

> Because of that statute's unique history, courts are reluctant to transform it into a "general federal tort law" and vigorously enforce the requirement that § 1985(3) plaintiffs allege some "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." The emerging consensus among federal authority therefore falls against the "class of one" theory in the § 1985(3) context.

*Id.* (quoting *Griffin*, 403 U.S. at 101-02) (additional internal quotation marks and citations omitted). *See*, *e.g.*, *Chance v. Reed*, 538 F.Supp.2d 500, 509 (D.Conn. 2008) ("The 'class of one' theory is insufficient to form the basis for a § 1985 action"); *Axt v. City of Fort Wayne*, No. 06-CV-157, 2006 WL 3093235, at *4 (N.D.Ind. Oct. 30, 2006) ("A class of one is not a protected class for purposes of § 1985(3)"); *Brewer v. Commissioner, Internal Revenue*, 435 F.Supp.2d 1174, 1179 (S.D.Ala. 2006) ("even under plaintiff's Fourteenth Amendment claim that he has been made to be a 'Class of One,' such a claim does not, as a matter of law, demonstrate the racial or class-based discrimination that is required to state a claim under § 1985(3)"); *American Nat'l Bank and Trust Co. of Chicago v. Town of Cicero*, No. 01 C 1396, 2001 WL 1631871, at *12 (N.D. Ill Dec. 14, 2001) ("While the 'class of one' may qualify [as a §] 1983 equal protection claim, plaintiffs fail to cite, and this Court fails to find, any case stating that such a class qualifies for protection under [§] 1985").

Again, there are no allegations here, much less any proof, that plaintiff was singled out for arbitrary treatment on account of his race, or any other protected class to which he belongs. His § 1985(3) claim must therefore be dismissed. *See Brown v. City of Oneonta, New York*, 221 F.3d 329,

341 (2d Cir. 2000), *cert. denied*, 534 U.S. 816 (2001); *Howell v. Port Chester Police Station*, No. 09-CV-1651, 2010 WL 930981, at *7 (S.D.N.Y. Mar. 15, 2010).[4]

### III. Plaintiff's Rule 56(f) Motion

As part of his response to Allstate's summary judgment motion, plaintiff has moved for a continuance of discovery pursuant to Rule 56(f).[5] To warrant such a continuance, the attorney for the moving party must submit an affidavit setting forth "1) the nature of the uncompleted discovery, i.e., what facts are sought and how they are to be obtained; and 2) how those facts are reasonably expected to create a genuine issue of material fact; and 3) what efforts the affiant has made to obtain those facts; and 4) why those efforts were unsuccessful." *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 926 (2d Cir. 1985). Whether to grant a Rule 56(f) motion lies within the discretion of the district court. *MM Arizona Holdings LLC v. Bonanno*, 658 F.Supp.2d 589, 596 (S.D.N.Y. 2009).

---

[4]My findings concerning the merits of plaintiff's § 1985(3) claim and the res judicata issue render it unnecessary for the Court to address Allstate's argument that the § 1985(3) claim is also time-barred.

[5]Rule 56(f) provides that

[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) deny the motion;

(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

(3) issue any other just order.

While plaintiff's attorney has submitted a Rule 56(f) affidavit in the case at bar, that affidavit utterly fails to meet the requirements for relief under the rule. Her affidavit consists of little more than a reiteration of plaintiff's factual allegations (which the Court has already found inadequate), plus some broad, unspecific references to "multiple issues of fact," "numerous factual issues," "complex factual issues," and so on. Dkt. #55-2 ¶¶ 126, 127, 133.

A continuance under Rule 56(f) is not a license to go fishing for evidence, in the hope of finding something that will support one's claims. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994); *Waldron v. Cities Serv. Co.*, 361 F.2d 671, 673 (2d Cir. 1966). There must be some showing that the movant knows what facts he is after, and some reasonable expectation not only that those facts can be found, but that they will create a genuine issue of material fact. Plaintiff has not come close to making such a showing here.

## CONCLUSION

Defendant Allstate's motion for summary judgment (Dkt. #47) is granted, and plaintiff's claims against Allstate are dismissed.

Plaintiff's motion for a continuance (Dkt. #55) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 30, 2010.