UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID W. ROBINSON,


                                    Plaintiff,

                                                              DECISION AND ORDER

                                                              07-CV-6431L

                    v.

COUNTY OF YATES, et al.,



                                    Defendants.

_____

## INTRODUCTION

Plaintiff David W. Robinson ("plaintiff"), brings this action against the County of Yates (the "County"), the Yates County Sheriff's Department ("Sheriff's Department"), County Sheriff Ronald G. Spike, Senior Investigator Michael C. Christensen (collectively the "County defendants"), the Village of Penn Yan (the "Village") and Village Chief of Police Gene Mitchell (collectively the "Village defendants"). Plaintiff alleges, among other things, that the defendants searched and seized property from plaintiff without a warrant on August 16, 2004 and September 8, 2004, unlawfully arrested plaintiff on September 13, 2004, and absconded with monies he paid to the Village for the release of a motor vehicle, all in violation of plaintiff's constitutional rights as guaranteed by 42 U.S.C. §§1983 and 1985(3) and in furtherance of a conspiracy intended to deprive plaintiff of certain insurance proceeds following a fire loss.

Although the Court will not engage in a recitation of the long and tortured history of this case, familiarity with which is presumed, I note that this is yet another chapter in plaintiff's efforts to obtain compensation and insurance coverage for a fire that occurred in a barn on plaintiff's

property.  As this Court's prior decisions reflect, plaintiff has tried unsuccessfully, in multiple fora, to obtain insurance coverage.

Plaintiff initially asserted claims in this action against Allstate Insurance Company, the New York State Department of Insurance Fraud Bureau and its Director.  Those claims were dismissed by two Decisions and Orders of this Court on November 6, 2008 (Dkt. #43) and March 30, 2010 (Dkt. #63), the contents of which are incorporated here by reference.  Only the Village and County defendants now remain.

The County and Village defendants now separately move for summary judgment pursuant to Fed. R. Civ. Proc. 56 to dismiss plaintiffs' claims, on the grounds that plaintiff has failed to state, and/or cannot establish, his claims.  Plaintiff has cross moved for additional discovery (Dkt. #80, repeated at Dkt. #81).  For the reasons set forth below, the motions by the County (Dkt. #74) and Village (Dkt. #72) are granted, plaintiff's motion for an extension of discovery (Dkt. #80) is denied, and the complaint is dismissed.

### DISCUSSION

**I.     Summary Judgment**

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986).

**II.** **Plaintiff's First Cause of Action: Conspiracy Pursuant to Section 1985**

Plaintiff's first cause of action alleges that the Village and County defendants collectively conspired to violate his right to equal protection pursuant to 42 U.S.C. §1985(3).

In order to establish a claim under Section 1985, a plaintiff must plead and prove that the defendants engaged in: (1) a conspiracy; (2) for the purpose of depriving, directly or indirectly, a class of persons of equal protection, privileges and/or immunities under the law; (3) an act in furtherance of the conspiracy; and (4) injury to a person or deprivation of property or rights of a citizen of the United States. *See United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 828-829 (1983); *Britt v. Garcia*, 457 F.3d 264, 269 n. 4 (2d Cir. 2005). The "conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Britt*, 457 F.3d 269 n.4, *quoting Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999).

Initially, as the Court has previously noted (Dkt. #43 at 6), to the extent that any of the defendants' complained-of actions occurred prior to August 31, 2004, plaintiff is time-barred from raising them now. *See Okure v. Owens*, 816 F.2d 45, 46 (2d Cir. 1987) (statute of limitations for a Section 1983 claim in New York is three years); *Hunter v. Jewish Bd. of Family & Children Servs., Inc.*, 1991 U.S. LEXIS 12228 at *5-*6 (S.D.N.Y. 1991) (statute of limitations for a Section 1985 claim in New York is three years).

Moreover, to the extent that plaintiff alleges facts arising after August 31, 2004 in support of his conspiracy claim, he has failed to adduce any supporting evidence whatsoever, and/or to otherwise raise any material question of fact which would preclude summary judgment.

Plaintiff's timely factual allegations primarily consist of the following: (1) in September 2004, County police officers searched the property of plaintiff's sister without a warrant; (2) plaintiff was arrested by the County Sheriff's Department for running a business without a license and owning vehicles without VIN numbers, and later pled guilty in exchange for reduced charges; (3) in early 2005, defendant Mitchell refused to allow plaintiff to regain possession of a seized truck,

and later, Mitchell and/or defendant Christiansen absconded with funds paid by plaintiff for the truck's release.  (Dkt. #74-3 at ¶¶137-169).

Taken together with the remainder of the complaint, these allegations fail to allege, let alone prove, the elements of a conspiracy claim.  Plaintiff has failed to offer "evidence to show *any* sort of conspiracy [between any of the defendants], which requires not simply joint or cooperative activity, but a 'meeting of the minds' among the conspirators to accomplish some shared purpose." (Dkt. #63 at 12, *quoting Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009)).  "Broad allegations of conspiracy are insufficient; the plaintiff must provide some factual basis . . . that defendants entered into an agreement, express or tacit, to achieve the unlawful end."  *Arar*, 585 F.3d 559 at 569, *quoting Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003).  Plaintiff has also failed to offer any evidence that he is a member of a protected class, or that he was subject to any class-based animus.  *See Katz v. Klehammer*, 902 F.2d 204, 208 (2d Cir. 1990) (noting that the Supreme Court has " strictly construed" the class-based animus requirement of Section 1985(3)).  *See generally* Dkt. #63 at 14 (collecting cases and holding that plaintiff's "class of one" allegations are insufficient to satisfy the "class-based animus" prong of a Section 1985(3) claim).

Rather, what plaintiff has offered is a set of largely unrelated factual allegations concerning his own unlawful activity and interactions with law enforcement (along with a search of his sister's property, which has no conceivable bearing on the claims alleged), and a host of vague and unsupported claims that the defendants' actions, while facially constitutional, were somehow undertaken with improper motives.  Indeed, in his cross motion for additional discovery, plaintiff admits that there is no evidence to support his theories: "[p]laintiff is unable to set forth any facts he may obtain which may prove his claims."  (Dkt. #80-1 at 12, repeated at Dkt. #81-1 at 12). Plaintiff also makes no attempt to refute the evidence offered by defendants, all of which significantly undermines his claims, such as documentation of his voluntary guilty plea to reduced charges following his arrest, and the receipt he was issued by the Village of Penn Yan Clerk for the monies he now claims were covertly stolen.  (Dkt. #74-2, Exhs. C, D).

In sum, plaintiff's conspiracy claims are insufficiently stated and without evidentiary support. His efforts to resist summary judgment rest wholly upon speculation, conjecture, and sweeping, unsupported statements concerning the defendants' alleged collusion and motives therefor. Accordingly, plaintiff's Section 1985 claims are dismissed.

**III.    Plaintiff's Fourth Sixth Causes of Action: Inadequate Training and Supervision**

Plaintiff's fourth and sixth causes of action accuse the Village and County defendants, respectively, of having failed to provide proper training and supervision to employees.  However, plaintiff makes no allegations specifying how defendants were trained and/or supervised, or identifying any deficiency therein.

To the extent that plaintiff characterizes the defendants' actions as negligent, it is well settled under New York law that "[a] claim for negligent hiring or supervision can only proceed against an employer for an employee acting *outside* the scope of [his] employment." *Stokes v. City of New York*, 2007 U.S. Dist. LEXIS 32787 at *53 (E.D.N.Y. 2007) (emphasis added), *quoting Colodney v. Continuum Health Partners, Inc.*, 2004 U.S. Dist. LEXIS 6606 (S.D.N.Y. 2004).  Where an employee is acting within the scope of his employment, the employer's liability for his conduct is imposed by the theory of *respondeat superior*, and no recovery can be had against the employer for negligent hiring, training or retention.  *See Stokes*, 2007 U.S. Dist. LEXIS 32787 at *53-*54; *Murns v. City of New York*, 2001 U.S. Dist. LEXIS 6287 at *16-*17 (S.D.N.Y. 2001).  Plaintiff makes no allegations and offers no proof that any of the defendants acted outside of the scope of their employment in searching plaintiff's property, seizing evidence of criminal activity, or performing motor vehicle stops, and thus his negligent training and supervision claim is dismissed.

IV.     **Plaintiff's Fourth, Fifth, Sixth and Seventh Causes of Action: Violation of Constitutional Rights Pursuant to Section 1983**

Plaintiff alleges that the Village and County, and their policymakers, created and maintained a custom or policy of "investigating and/or prosecuting businesses and/or individuals suspected of wrongdoing not for the legitimate purpose of uncovering and/or preventing criminal activity but solely to advance the economic interest of New York by means that violated the constitutional rights of plaintiff." (Dkt. #74-3 at ¶¶205, 218).

In order to maintain a cause of action pursuant to Section 1983, plaintiff must demonstrate that the Village and/or County violated his Constitutional or federal statutory rights, and that they did so while acting under color of state law. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Where a Section 1983 claim is alleged against a municipality on the grounds of unconstitutional acts by its employees, a plaintiff must demonstrate that his injuries resulted from a municipal policy, custom, or practice. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (a municipality "may not be sued under §1983 for an injury inflicted solely by its employee . . . it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under §1983").

"To show a policy, custom, or practice, the plaintiff need not identify an express rule or regulation." *See Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004). Rather, a plaintiff may satisfy her burden by showing, "for example, that [the unconstitutional] practice of municipal officials was so 'persistent or widespread' as to constitute 'a custom or usage with the force of law,' or that [an unconstitutional] practice of subordinate employees was 'so manifest as to imply the constructive acquiescence of senior policy-making officials.'" *Id.*, 375 F.3d 206 at 226, *quoting Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870-871 (2d Cir. 1992). The policy "must be either facially unconstitutional or unconstitutional as applied because of the municipality's deliberate indifference to the rights of persons with whom municipal employees [interact]." *Faccio*

*v. Eggleston*, 2011 U.S. Dist. LEXIS 94649 at *39 (N.D.N.Y. 2011). *See generally City of Canton v. Harris*, 489 U.S. 378, 387 (1989).

Nowhere in the complaint does plaintiff identify or describe an unlawful policy, or describe how in investigating altered vehicle identification numbers or effecting plaintiff's arrest -- an arrest which resulted in a voluntary guilty plea by plaintiff -- any of the County defendants unconstitutionally applied, ratified, approved or participated in an otherwise-valid policy.

Plaintiff's attempt to rely upon a "class of one" theory also fails.

> [T]o succeed on a class-of-one claim, a plaintiff must establish that: (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.

*See Analytical Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135, 140 (2d Cir. 2011).

Here, plaintiff does not describe any way in which he was singled out by the defendants, or identify other similarly-situated individuals who were treated differently.

Again, many of the events described by plaintiff arose prior to August 31, 2004, and are time-barred. *See Okure*, 816 F.2d 45 at 46; (Dkt. #43 at 6). To the extent that they are considered as background evidence, they are nonetheless unconvincing and fail to provide a plausible factual basis for plaintiff's "municipal policy, custom or practice" claim. For example, plaintiff alleges that the arrest of Georgia Becker, a woman associated with plaintiff's brother, is somehow evidence of a conspiracy or unlawful policy of denying plaintiff his constitutional rights. At the same time, plaintiff does not allege (nor is there evidence) that Becker's arrest was improper or unlawful, that it had any adverse affect on plaintiff, such that plaintiff could have reasonably been the "real" target, or that it had any impact on plaintiff's dealings with his insurance company.

Indeed, even when all favorable inferences are afforded to plaintiff, his complaint is little more than a strained, transparent and groundless effort to cast blame for the denial of fire loss coverage by his insurer upon any party in the remote vicinity, apparently including local law

enforcement officers engaging in facially constitutional activities, such as the lawful arrest of persons committing criminal activity.

For these reasons, I conclude that plaintiff has failed to state or establish a claim against the Village or County defendants concerning the alleged violation of his constitutional rights, and his fourth and seventh causes of action are dismissed.

## CONCLUSION

I find that there are no material issues of fact, and that the plaintiff has failed to sufficiently state his claims, and/or to produce sufficient evidence to convince any reasonable fact-finder to render a verdict in his favor.  I further find, as before (Dkt. #63 at 15-16), that plaintiff has failed to demonstrate that a continuance of fact discovery is merited or to offer any reason to believe that additional discovery could establish his claims beyond pure conjecture.  His cross motion seeking the Court's permission to embark upon a large-scale, figurative fishing expedition in that vein (Dkt. #80, #81), is denied.  The County's (Dkt. #74) and Village's (Dkt. #72) motions for summary judgment dismissing the complaint are therefore granted, and the Complaint is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        September 23, 2011.